### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS

---------------------------------------------------

DEAN MURRAY, *individually, and on*
*Behalf of all others similarly situated,*

               Plaintiff,

      v.

FLORIDA DISTRIBUTING
COMPANY, LLC

           Defendant.

---------------------------------------------------

Civil Action No.: _____

**<u>JURY TRIAL DEMANDED</u>**

### <u>COLLECTIVE ACTION COMPLAINT</u>

Plaintiff Dean Murray ("Plaintiff") hereby brings this action against Florida Distributing Company, LLC ("Defendant") and alleges, upon personal belief as to his own acts, and upon information and belief as to the acts of others, as follows:

### <u>NATURE OF THE ACTION</u>

1. Plaintiff brings this complaint on a collective action basis contending that Defendant unlawfully failed to pay Sales Account Managers overtime compensation for hours worked in excess of forty (40) in a workweek pursuant to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

2. Defendant is a provider of beverage distribution that services both large chain stores (e.g. Publix, Walmart, and Windixie) and small independent stores.

3. Defendant employs persons in the position of Sales Account Manager who are responsible for, *inter alia*, filling coolers, building displays, arranging backstock, and keying in orders.

4. Defendant willfully misclassifies Sales Account Managers who work in large chain stores as exempt from overtime pay, despite knowing that such Sales Account Managers' primary

duties do not fall within any of the FLSA's exemptions to the statute's overtime pay requirements. *See* 29 U.S.C. § 207(a)(1).

5.     As a result, Defendant unlawfully failed to pay Sales Account Managers, including Plaintiff, for overtime compensation for work performed in excess of forty (40) hours during a workweek.

6.     Plaintiff asserts his FLSA claims individually and pursuant to 29 U.S.C. § 216(b) on behalf of a putative "FLSA Collective," defined as: *all current and former Sales Account Managers who worked for Defendant in large chain stores in any place covered by the FLSA, including, but not limited to, the United States, Puerto Rico, the Virgin Islands, American Samoa, and Guam, at any time within three (3) years preceding the commencement of this action and the date of judgment*.

7.     Plaintiff seeks to send a Notice pursuant to 29 U.S.C. § 216(b) to all putative FLSA Collective members, informing them of their right to assert FLSA claims in this collective action by filing consent forms.

8.     Plaintiff seeks unpaid overtime wages owed to him and other FLSA Collective members for worked performed in excess of forty (40) hours in a workweek, i.e., filling coolers, building displays, arranging backstock, and keying in orders.

## JURISDICTION AND VENUE

9.     This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

10.     This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction." *See* 29 U.S.C. § 216(b).

11.     This Court has personal jurisdiction over Defendant because Defendant is domiciled in Illinois.

12.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant resides in this district.

## PARTIES

13.     Plaintiff Dean Murray currently resides in Melbourne Beach, Florida.

14.     Plaintiff was employed by Defendant as a Sales Account Manager from approximately July 2012 to approximately July 2023.

15.     Plaintiff worked in large chain stores.

16.     Defendant Florida Distributing Company, LLC is a limited liability company duly organized and existing in Illinois with a principal place of business located at 6250 N. River Road, Suite 9000, Rosemont, IL 60018.

17.     Pursuant to 29 U.S.C. § 216(b), Plaintiff Dean Murray has signed a consent form to join this lawsuit, which is attached as **Exhibit 1**.

## GENERAL ALLEGATIONS[1]

18.     The foregoing paragraphs are hereby incorporated by reference as though fully set forth at length herein.

19.     Defendant is an enterprise whose annual gross volume of sale made or business done exceeds $500,000.

20.     Defendant is an "[e]nterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s) because it has employees

---

[1] Unless otherwise specifically noted here, the following allegations all apply through the time periods covered by the FLSA Collective.

3

engaged in commerce as well as employees handling, settling, and otherwise working on goods or materials that have been moved in or produced for commerce.

21.     Additionally, Defendant has two (2) or more employees handling, selling, or otherwise working with or on goods or materials that have been moved in or produced for commerce.

22.     Defendant employs Sales Account Managers who work in large chain stores, whose primary duty is to fill coolers, build displays, arrange backstock, and key in orders.

23.     Defendant suffers and permits Sales Account Managers to work more than forty (40) hours per week.

24.     Defendant fails to pay Sales Account Managers any overtime premium or any other compensation for their hours worked in excess of forty (40) in a workweek.

25.     Sales Account Managers do not qualify for any exemption under the FLSA during the relevant period.

26.     Defendant willfully misclassifies Sales Account Managers as employees exempt from overtime pay, despite knowing that their primary job duties do not fall within any of the FLSA's exemptions to the statute's overtime pay requirements.

27.     Defendant is aware, or should be aware, that Sales Account Managers who work in large chain stores do not qualify as exempt employees and thus are entitled to overtime compensation.

28.     Sales Account Managers who work in large chain stores are/were "non-exempt" employees under the FLSA and entitled to receive overtime compensation at a rate of 1.5 times their regular rate of pay for all hours worked over forty (40) in a workweek.

29. As a result of Defendant's aforesaid illegal actions, Sales Account Managers have suffered damages.

## FLSA COLLECTIVE ALLEGATIONS

30. The foregoing paragraphs are hereby incorporated by reference as though fully set forth at length herein.

31. This action is brought as a collective action to recover unpaid overtime compensation and liquidated damages owed to Plaintiff and all similarly situated current and former employees of Defendant.

32. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on his own behalf and on behalf of the FLSA Collective, defined as:

*All current and former Sales Account Managers who worked for Defendant in large chain stores in any place covered by the FLSA, including, but not limited to, the United States, Puerto Rico, the Virgin Islands, American Samoa, and Guam, at any time within three (3) years preceding the commencement of this action and the date of judgment ("FLSA Collective").*

33. Plaintiff reserves the right to amend this definition as necessary.

34. With respect to the claims set forth in this action, a collective action under the FLSA is appropriate because the putative members of the FLSA Collective are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b) because: (a) they have been or are employed in the same or similar positions; (b) they were or are subject to the same or similar unlawful practices, policy, or plan; and (c) their claims are based upon the same factual and legal theories.

35. Plaintiff may request that the Court authorize notice to all current and former similarly situated employees employed by Defendant, informing them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid overtime compensation and liquidated damages under the FLSA.

**COUNT I**
**FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 201, *et seq.***
**<u>FAILURE TO PAY OVERTIME COMPENSATION</u>**
**(*Brought on an Individual and FLSA Collective Basis*)**

36.     The foregoing paragraphs are hereby incorporated by reference as if fully set forth at length herein.

37.     Under Section 207(a)(1) of the FLSA, employees must be paid overtime equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

38.     Defendant suffered and permitted Plaintiff and the FLSA Collective to routinely work hours in excess of forty (40) in a workweek without receiving any overtime compensation.

39.     Defendant's actions, policies, and practices described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff and the FLSA Collective members for overtime hours in accordance with the FLSA.

40.     Defendant knew, or showed reckless disregard for, the fact that it failed to pay Plaintiff and FLSA Collective members overtime compensation in violation of the FLSA.

41.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).

42.     As the direct and proximate result of Defendant's unlawful conduct, Defendant is liable to Plaintiff and the FLSA Collective for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. §216(b), as well as reasonable attorneys' fees, costs, and expenses.

**<u>PRAYER FOR RELIEF</u>**

**WHEREFORE**, Plaintiff, on behalf of himself and the proposed FLSA Collective, prays for judgment against Defendant as follows:

A.     An Order from this Court permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B.     An Order from this Court ordering Defendant to file with this Court and furnish to the undersigned counsel a list of all names and addresses of all persons within the FLSA Collective, and authorizing Plaintiff's counsel to issue a notice at the earliest possible time to these individuals informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they worked for Defendant during the liability period;

C.     Adjudicating and declaring that Defendant's conduct as set forth herein and above is in violation of the FLSA;

D.     Adjudicating and declaring that Defendant violated the FLSA by failing to pay overtime compensation to Plaintiff and the FLSA Collective for work performed in excess of forty (40) hours per workweek;

E.     Awarding Plaintiff and the FLSA Collective unpaid overtime compensation and liquidated damages in an amount consistent with the FLSA;

F.     Awarding Plaintiff reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

G.     Designating Plaintiff as the representative of the FLSA Collective;

H.     Designating the undersigned counsel as counsel for the FLSA Collective in this action;

I.     An incentive award for the Plaintiff for serving as representative of the FLSA Collective in this action;

J.      Judgment for any and all civil penalties to which Plaintiff and the members of the FLSA Collective may be entitled; and

K.      Such other and further relief as to this Court may deem necessary, just and proper.

### <u>JURY DEMAND</u>

Plaintiff, Dean Murray, individually and on behalf of all others similarly situated, by and through his attorneys, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above-entitled cause.

Dated: October 31, 2023               **BROWN, LLC**

*/s/ Jason Brown*
Jason T. Brown
Edmund C. Celiesius (*to seek PHV*)
205 North Michigan Avenue, Suite 810
Chicago, IL 60601
T: (877) 561-0000
F: (855) 582-5297
jtb@jtblawgroup.com
ed.celiesius@jtblawgroup.com

*Counsel for Plaintiff*